Hinman et al., Administrators, v. Stiles.

## HINMAN ET AL., ADMINISTRATORS OF HINMAN, v. STILES.

ACTION of book debt, *nil debet* pleaded, and verdict for the plaintiff. The defendant moved in arrest of judgment; and for cause alleged, that the account produced on trial, contained a charge of about £40 for a tract of land, and also a charge of about £3 as interest on part of the account; both of which were illegal as charges on book, and both were allowed by the jury, in their verdict.*

Motion overruled.

---

*N. B.— It is the custom of the courts in the state of Connecticut, to admit motions in arrest, which are conversant about facts, *dehors* the record: And likewise, by the custom of courts, the adverse party is not obliged to make any answer either by way of traverse or demurrer; but the court proceed to inquire the truth of such facts, unless the opposite party chooses to demur.

Hinman et al., Administrators, v. Stiles.

By the COURT.   On examination of two of the jurors, it appears that the jury found the sum of £40 credited to the defendant, which was equal to the sum charged for the land, and which by agreement of the parties was to be in payment for the land; and the small sums of interest included in the verdict, were not, on trial, objected to by the defendant: And one witness testified, that they were charged by consent of the defendant.   There were other proper book-debt articles in the account, to a large amount, to which there was no objection; and the balance would have been the same, if the land, and sum credited for it, had not been entered on the book:   Therefore the motion in arrest is insufficient.

DYER, J., dissenting.   He said that the admission of such charges on book, supported by the parties' oath, would tend to introduce the greatest imaginable confusion.   The nature of the thing rendered the idea of such a charge on book absurd; because, when a deed of land is made out, the grantor acknowledges the consideration to be paid to his full satisfaction at the time of the grant; and it is both dangerous and absurd, that so high an evidence should be set aside by the parties' own oath.